Katherine A. Roberts (SBN 259486)
kate.roberts@sidley.com
Beth Anne Scheel (SBN 202064)
bscheel@sidley.com
Abigail Hudson (SBN 327632)
abigail.hudson@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Attorneys for Defendant
Liberty Mutual Group Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN MARANO, on behalf of the individual and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL GROUP, INC., a Massachusetts Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   8:20-cv-2215<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED**<br><br>[Filed concurrently with the declarations of Katherine A. Roberts and Serena Wannemacher; Notice of Related Cases, Certification and Notice of Interested Parties, and Civil Cover Sheet ]<br><br>(SUPERIOR COURT OF CALIFORNIA ORANGE COUNTY, CASE NO. 30-2020-01165807-CU-OE-CXC)<br><br>Date Action Filed: October 19, 2020<br>Served: October 23, 2020 |

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Liberty Mutual Group Inc. hereby removes the above captioned *Stephen Marano v. Liberty Mutual Group, Inc.,* Case No. 30-2020-01165807-CU-OE-CXC (the "State Court Action"), from the California Superior Court for the County of Orange to this court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and Federal Rules of Civil Procedure, Rule 81(c), on the grounds that the State Court Action, filed October 19, 2020, is removable. In support of this Notice of Removal, Defendant states the following:

# I. REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

1. The Class Action Fairness Act ("CAFA") amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction where the following factors are met:

   a. The aggregate amount in controversy exceeds $5,000,000;

   b. Any member of Plaintiff's proposed class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

   c. The primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

   d. The number of members of Plaintiff's proposed class is 100 or more. 28 U.S.C. § 1332(d)(2); *see also Hart v. FedExGround Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

2. Under § 1453, a defendant may remove a class action to federal court in accordance with the requirements set forth in § 1446.

**A.     Minimal Diversity**

3.     Plaintiff Stephen Marano is a member of the putative class and is a citizen of the State of California.  Compl. ¶ 10.

4.     Defendant Liberty Mutual Group Inc. is a citizen of the Commonwealth of Massachusetts, which is its state of incorporation and state of its principal place of business.  Declaration of Serena Wannemacher ("Wannemacher Decl.") ¶ 3.

5.     Because Stephen Marano is a citizen of California and Liberty Mutual Group Inc. is a citizen of Massachusetts, the minimal diversity requirement of the CAFA is met.

6.     Additionally, Defendant is not a state, state official, or other government entity against whom the District Court may be foreclosed from ordering relief.

**B.     Class Size and Amount in Controversy**

7.     On or about October 19, 2020, Plaintiff Stephen Marano filed the State Court Action.  His Complaint ("Complaint" or "Compl.") alleged certain California law wage-and-hour claims on behalf of a putative class of "all individuals who are or were employed by Defendants in California as Sales Representatives and equivalent positions" since October 19, 2016.  *See* Compl. ¶ 2.  Defendant was served with the Complaint on October 23, 2020.

8.     Based on Defendant's employment records, the putative class at issue in the Complaint consists of 175 members; thus, the numerosity requirement under the CAFA is met.  *See* Wannemacher Decl. ¶ 7.

9.     In addition, the aggregated amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000");  Wannemacher Decl. ¶ 12.

10.     The calculations relating to the value of the claims at issue in the lawsuit are based on Defendant's actual employment records showing the number of weeks

each putative class member worked in the job classifications encompassed by the applicable putative class definition, as well as the putative class members' average base rate of pay during those weeks. *See* Wannemacher Decl. ¶ 9. These calculations materially underestimate the alleged damages in this case because they do not take into consideration sales commissions and bonuses that would factor into the regular rate for purposes of overtime. *Id.*

11. Plaintiff has not yet alleged or disclosed information relating to the number of alleged violations he is seeking for each claim (e.g., the number of alleged unpaid overtime hours or meal and rest period violations per week). Therefore, in order to calculate the amount of alleged damages, Defendant used conservative assumptions based upon the minimum number of violations normally alleged in similar putative class action lawsuits seeking relief for unpaid overtime, failure to provide meal and/or rest breaks, failure to reimburse business expenses, failure to provide accurate wage statements and related penalties. *See id.*; *See also* Declaration of Katherine A. Roberts ("Roberts Decl.") ¶ 4-7. Defendant makes these reasonable assumptions solely for purposes of calculating the amount in controversy, as Defendant denies each of Plaintiff's claims and further denies it is liable to Plaintiff for any amount whatsoever.

12. Defendant also used conservative estimates regarding future attorney's fees claimed by Plaintiff under the statutes at issue in this litigation, which add at least another $250,000 to the amount in controversy. *See* Roberts Decl. ¶ 8 ; *Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met"). Plaintiff's Complaint seeks attorneys' fees under the following statutes: California Labor Code Sections 218.5, 226, 1194, and 2802, and California Code of Civil Procedure Section 1021.5. *See* Compl. ¶ 41-106.

**C.     CAFA Exceptions Are Not Applicable**

13. Further, while § 1332(d)(3) & (4) recognize situations where this court may or must decline jurisdiction despite the fact that minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into either category because Defendant is not a citizen of California. *See* § 1332(d)(3) (discretionary declination of jurisdiction limited to situation where "the primary defendants are citizens of the state where the action was originally filed") and § 1332(d)(4)(A) (local controversy mandatory declination limited to where "at least one defendant is . . . a citizen of the State in which the class action was filed"); *see also* § 1332(d)(4)(B) (home state controversy mandatory declination limited to cases where "the primary defendants, are citizens of the State in which the action was originally filed"). Additionally, Plaintiff shoulders the burden of establishing that any of these exceptions apply. *Hart*, 457 F.3d at 682 ("Our holding [is] that the plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply."); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (adopting this rule and citing *Hart*).

## TIMELINESS OF REMOVAL

14. Defendant's Notice of Removal is timely because (a) the case first became removable upon service of the Complaint on October 23, 2020 and (b) this Notice is being filed within 30 days of such time. Roberts Decl. ¶ 2, Exh. A.

## VENUE

15. Venue is proper in the Central District of California pursuant to § 1441(a) because the county in which the State Court Action was pending is found within this court's district.

## DEFENSES

16. The removal of this action to the Central District of California does not waive Defendant's ability to assert any defense in this action.

## PLEADINGS

17. Pursuant to § 1446(a), a copy of all process, pleadings, and orders served on Defendant to date is attached as Exhibit A the Roberts Declaration.

18. Attached as Exhibit B to the Roberts Declaration is a true and correct conformed copy of Liberty Mutual's Answer to the Plaintiff's Complaint, filed in Orange County Superior Court on November 18, 2020.

## NOTICE TO PLAINTIFFS AND THE STATE COURT

19. Pursuant to § 1446(d), in addition to serving a copy of this Notice of Removal on counsel for Plaintiff, Defendant is filing in the Orange County Superior Court and serving upon counsel for Plaintiff a separate document entitled "Defendant's Notice of Filing a Notice of Removal to Federal Court."

Accordingly, Defendant respectfully requests that the State Court Action be removed in its entirety to this Court.

DATED: November 20, 2020     Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Katherine A. Roberts

    Katherine A. Roberts
    Beth Anne Scheel
    Abigail Hudson

*Attorneys for Defendant*