**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
Kyle D. Smith (SBN 280489)
ks@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
Fax: (310) 862-6851

*Attorneys for Plaintiff and the Putative Class*

FILED
CLERK, U.S. DISTRICT COURT

1/19/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN MARANO, on behalf of the individual and all others similarly situated;<br><br>        Plaintiff,<br>vs.<br><br>LIBERTY MUTUAL GROUP, INC., a Massachusetts Corporation; and DOES 1 through 50, inclusive;<br><br>        Defendants. | Case No.: 8:20-cv-2215 -CJC-ADS<br><br>**FIRST AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT FOR**:<br><br>1. **FAILURE TO PAY WAGES DUE, INCLUDING MINIMUM WAGES (LAB. CODE §§ 1194, 1194.2, 1197; IWC WAGE ORDER)**<br>2. **FAILURE TO PAY OVERTIME WAGES (LAB. CODE §§ 510 AND 1198)**<br>3. **FAILURE TO PROVIDE COMPLIANT REST PERIODS TO AND/OR PAY MISSED REST PERIOD PREMIUMS (LAB. CODE § 226.7; IWC WAGE ORDER)**<br>4. **FAILURE TO PROVIDE COMPLIANT MEAL PERIODS TO AND/OR PAY MISSED MEAL PERIOD PREMIUMS (LAB. CODE §§ 226.7 AND 512; IWC WAGE ORDER)**<br>5. **FAILURE TO REIMBURSE BUSINESS EXPENSES (LAB. CODE § 2802)**<br>6. **UNLAWFUL DEDUCTIONS FROM WAGES (LAB. CODE § 221)**<br>7. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS (LAB. CODE § 226)** |

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

8. **FAILURE TO TIMELY PAY WAGES (LAB. CODE §§ 204 AND 210)**
   9. **UNFAIR COMPETITION LAW VIOLATIONS (BUS. & PROF. CODE § 17200, *et seq*.);** and
   10. CIVIL PENALTIES UNDER THE PRIVATE ATTORNEY GENERAL ACT (LABOR CODE § 2699 *ET SEQ*.)

**DEMAND FOR JURY TRIAL**

Plaintiff Stephen Marano ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges of Defendant Liberty Mutual Group, Inc., and DOES 1 through 50, inclusive, (referred to collectively as the "Defendants") as follows.

## I.   INTRODUCTION

1.      This is a Class Action, pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff and all other current and former similarly situated employees employed by Defendant within the State of California.

2.      Through this class action, Plaintiff seeks to represent the following Class Members: "*all individuals who are or were employed by Defendants in California as Sales Representatives and equivalent positions from October 21, 2016 through the date of trial*" (the "Class Members").

3.      The "Class Period" as used herein, is defined as the period from October 21, 2016 continuing into the present and ongoing.

4.      This is also a PAGA representative action brought pursuant to Labor Code § 2698, *et seq*., on behalf of the State of California and: *All individuals who are or were employed by Defendants in California as Sales Representatives and equivalent positions from October 14, 2019 through the date of trial* (the "Aggrieved Employees").

5.      The "PAGA Period" as used herein is defined as the period from October 14, 2019 and continuing into the present and ongoing.

6.      From October 21, 2016 and continuing to the present, Defendants have had a consistent policy of failing to pay all wages due, including minimum wages and overtime wages;

2

failing to authorize or permit compliant rest periods; failing to pay missed rest period premiums; failing to provide compliant meal periods; failing to pay missed meal period premiums; failing to reimburse business expenses; failing to issue accurate and complete wage statements; failing to timely pay all wages owed; engaging in unlawful, unfair, and/or fraudulent business practices; and deducting unlawfully from employee wages.

7.     Plaintiff, individually and on behalf of all other similarly situated employees, seeks all monies owed but withheld and retained by Defendants to which Plaintiff and the Class Members are entitled.

## II.     JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, section 10 of the California Constitution and California Code of Civil Procedure section 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the law of the State of California or is subject to adjudication in the courts of the State of California.

9.     This Court has personal jurisdiction over Defendants because each has caused injuries in Orange County and the State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq.* Defendants also transact business throughout California and have obtained the benefits of law of the United States in general and the State of California in particular, and are therefore subject to the personal jurisdiction of this Court.  Plaintiff is also informed and believes and based thereon asserts that the principal place of business or "nerve center" of Defendants is located in the State of California, County of Orange.

10.     Venue as to each Defendant is proper in this Court, pursuant to Code of Civil Procedure § 395(a).  Defendants operate within California and do business within Orange County. The unlawful acts alleged herein have a direct effect on Plaintiff, the Class Members, and the Aggrieved Employees within the State of California and Orange County.

11.     This case should be classified as complex according to California Rules of Court,

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  Rule 3.400 and assigned to a complex litigation judge and department, as it is a class action, will

2  involve substantial documentary evidence, a large number of witnesses, and is likely to involve

3  extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

4  and would require substantial post judgment judicial supervision.

5  **III.     PARTIES**

6          12.     Plaintiff is a resident of Orange County, California. Plaintiff was employed by

7  Defendants during the Class Period as a Sales Representative or equivalent position.

8          13.     Plaintiff seeks to represent a Class, as defined above.

9          14.     Plaintiff, the Class Members, and the Aggrieved Employees are, and at all times

10  pertinent hereto, have been classified as employees by Defendants.

11          15.     Plaintiff is informed and believes and thereon alleges that Defendant Liberty Mutual

12  Group, Inc., is a Massachusetts Corporation authorized to and doing business in Orange County,

13  California, with its principal place of business or "nerve center" located in the State of California,

14  County of Orange, and is and/or was the legal employer of Plaintiff and the Class Members

15  throughout the Class Period.  Defendants also transact business throughout California and have

16  obtained the benefits of the laws of the United States in general and the State of California in

17  particular, and are therefore subject to the personal jurisdiction of this Court.

18          16.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of

19  participation in the conduct herein alleged, of the defendants sued as DOES 1 through 20, inclusive,

20  but based upon information and belief Plaintiff alleges that the Doe defendants engaged in the

21  unlawful conduct alleged herein and are legally responsible for the damages alleged, and therefore

22  sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the

23  true names and capacities of the Doe defendants when ascertained.

24          17.     Plaintiff is informed and believes and based thereon alleges all of the following:

25  There exists such a unity of interest and ownership between the Defendants that the individuality

26  and separateness of Defendants has ceased to exist.  One of the Defendants completely dominates

27  and controls the other Defendants and is using those Defendants as a shield against personal

28  liability in order to perpetrate a fraud or accomplish a wrongful or inequitable purpose.  The

4

**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants commingle their assets and funds and are inadequately capitalized such that they are unable to cover their liabilities, to the detriment of potential creditors such as Plaintiff. Defendants share office space, employees, and/or equipment and materials. Defendants fail to maintain adequate records to conduct their business(es). Thus, injustice will result unless the Defendants are treated as alter egos of one another, any illusion of separateness is disregarded, and liability for the acts alleged herein is imposed jointly and severally against all Defendants.

## IV.    FACTUAL ALLEGATIONS

18.    Defendants operate, and throughout the Class Period operated, a business selling various forms of insurance and resolving claims against their insurance throughout the State of California.

19.    Either throughout the entirety or during a portion of the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees were non-exempt employees of Defendants, employed as Sales Representatives or in positions equivalent to that of a Sales Representative. Plaintiff is informed and believes and based thereon alleges that throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees did not hold any of the positions or engage in any of the job duties which might otherwise have caused them to be deemed exempt employees under California law.

20.    Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees performed work on behalf of Defendants in the State of California for some portion of time without being compensated any amount for that work. Such unpaid work hours included periods during the Class Period during which Plaintiff, the Class Members, and the Aggrieved Employees were not paid wages even though they were subject to the control of Defendants and/or Defendants suffered or permitted them to work. This failure to pay wages due was caused, at least in part, by Defendants' practice of not paying employees based on their actual hours worked and instead unlawfully altering employee time records to reflect hours worked in half-hour intervals and paying employees based upon such unlawfully altered and/or unlawfully rounded time records. Specifically, throughout the Class Period, Defendants had a practice of rounding the recorded work hours of Plaintiff, the Class Members, and the Aggrieved Employees to the hour or half-hour and

Plaintiff is informed and believes that this system of rounding was neither fair nor neutral, and was instead systematically undercompensating employees.

21.     Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees typically performed work on behalf of Defendants in the State of California for eight (8) or more hours each workday, five or more days each workweek, for a total of forty (40) or more hours each workweek.

22.     Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees periodically worked more than eight (8) hours in a workday, all seven days in a workweek, and/or more than forty (40) hours in a workweek, but were not paid all appropriate overtime and double time wages for such hours worked.  In such instances throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees were not paid at all for overtime hours, were paid less than one and one-half their regular rate of pay for all such overtime hours, or were paid less than two times their regular rate of pay for all such double time hours.  This failure to pay wages due was caused, at least in part, by Defendants' practice of not paying employees based on their actual hours worked and instead unlawfully altering employee time records to reflect hours worked in half-hour intervals and paying employees based upon such unlawfully altered time records.  Additionally, Defendants miscalculated the regular rate of pay, overtime rate of pay, and double time rate of pay when taking into account non-hourly compensation for Plaintiff, the Class Members, and the Aggrieved Employees and/or did not calculate overtime and doubletime on a weekly basis, as required by California law.  Defendants also miscalculated the number of overtime and double time hours worked by Plaintiff, the Class Members, and the Aggrieved Employees.

23.     Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees were not authorized or permitted to take one or more duty-free rest periods of not less than ten (10) minutes for every major fraction of four (4) hours worked.  Additionally, even when they were permitted to take rest periods, they were required to remain on-duty and/or charged with various tasks during rest periods.

24.     Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  Employees were not paid any rest period premium wages.

2      25.    Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved

3  Employees were not authorized or permitted to take one or more duty-free meal periods of not less

4  than thirty (30) minutes before the end of their fifth hour worked and/or were not authorized or

5  permitted to take one or more of their second duty free meal periods of not less than thirty (30)

6  minutes on workdays in which they worked more than ten (10) hours.  Due to Defendants' unlawful

7  policies, Plaintiff, the Class Members, and the Aggrieved Employees were regularly required to

8  take late, on-duty, or interrupted meal periods, or forego them entirely.  Additionally, even when

9  they were permitted to take meal periods, they were required to remain on-duty and/or charged with

10  various tasks during meal periods.

11      26.    Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved

12  Employees were not paid any meal period premium wages.

13      27.    Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved

14  Employees incurred necessary expenditures or losses in direct consequence of the discharge of their

15  duties or their obedience to the directions of Defendants and they were never reimbursed by

16  Defendants for all such expenditures or losses.  These expenditures or losses included the use of

17  their personal cell phones and vehicles for work purposes and incurring expenses such as refueling

18  vehicles after completing business-related driving tasks. Defendants require Plaintiff, the Class

19  Members, and the Aggrieved Employees to shoulder the cost associated with Defendants' business.

20      28.    Defendants do not maintain an expense reimbursement policy and/or practice stating

21  that Defendants will affirmatively reimburse Plaintiff, the Class Members, and the Aggrieved

22  Employees for a reasonable portion of their monthly personal cell phone bills and other expenses

23  necessarily incurred in their discharge of their duties, as required by *Cochran v. Schwan's Home*

24  *Service, Inc.*, 228 Cal.App.4th 1137 (Cal. Aug. 12, 2014) ("We hold that when employees must use

25  their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to

26  reimburse them.  Whether the employees have cell phone plans with unlimited minutes or limited

27  minutes, the reimbursement owed is a reasonable percentage of their cell phone bills.") (reversing

28  denial of class certification in cell phone reimbursement class action and setting forth the applicable

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

law for these claims); *Aguilar v. Zep, Inc.*, 2014 WL 4245988 *17 (N.D. Cal. Aug. 27, 2014) (granting plaintiffs' motion for partial summary judgment on the plaintiffs' cell phone reimbursement claim); *Ritchie v. Blue Shield of California*, 2014 WL 6982943, at *21 (N.D. Cal. Dec. 9, 2014) (Hon. Edward Chen) (certifying class of cell phone reimbursement claim and adopting the logic of *Cochran*).  To the contrary, although Plaintiff, the Class Members, and the Aggrieved Employees used their personal cell phones and vehicles for necessary work-related purposes to perform their job duties with the knowledge of and/or acquiescence of Defendants, Defendants did not reimburse Plaintiff, the Class Members, and the Aggrieved Employees in any amount for any such expenses incurred throughout the Class Period.

29.     Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees had amounts deducted from their wages by Defendants which were not authorized by law or by them.  Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees only ever consented to those deductions from wages which were allowed by law or expressly authorized by them and did not consent to any additional deductions from wages.  Nonetheless, Defendants deducted additional amounts from wages due.

30.     Throughout the Class Period, Plaintiff, the Class Members, and the Aggrieved Employees were issued wage statements by Defendants which knowingly and intentionally did not reflect all of the complete and accurate information required by Labor Code section 226.  Specifically, Defendants' wage statements failed to state the correct amount of gross wages earned, total hours worked, all deductions, net wages earned, and/or the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.  As a result, throughout the Class Period Defendants failed to keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to employees employed at the respective plants or establishments.

31.     Labor Code section 204 expressly requires employers who pay employees on a weekly, biweekly, or semimonthly basis to pay all wages "not more than seven calendar days following the close of the payroll period."  Due to Defendants' failure throughout the Class Period

1   to pay to Plaintiff, the Class Members, and the Aggrieved Employees all wages due, as described

2   above, Defendants failed to timely pay their employees within seven calendar days following the

3   close of payroll in accordance with Labor Code section 204 on a regular and consistent basis.

4       32.    Throughout the Class Period and with regard to Plaintiff, the Class Members, and

5   the Aggrieved Employees, Defendants engaged in the unlawful, unfair, and/or fraudulent business

6   practices described in this Complaint.  Defendants engaged in such business practices to minimize

7   the amounts paid to employees, increase Defendants' profits, and gain advantage over competitors

8   who acted lawfully.

9   **V.    <u>CLASS ACTION ALLEGATIONS</u>**

10       33.    Through this class action, Plaintiff seeks to represent the following Class Members:

11   "all individuals who are or were employed by Defendants in California as Sales Representatives

12   and equivalent positions from October 21, 2016 through the date of trial" (the "Class Members").

13       34.    Plaintiff brings this action individually and on behalf of all others similarly situated

14   as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent the

15   Class Members throughout the Class Period.

16       35.    Plaintiff reserves the right to amend or modify the class and subclass descriptions

17   with greater specificity or further division into subclasses or limitation to particular issues as

18   appropriate.

19       36.    Plaintiff, as Class Representative, is a Class Member for the class which Plaintiff

20   seeks to represent.

21       37.    This action has been brought and may properly be maintained as a class action under

22   Code of Civil Procedure section 382 because there is a well-defined community of interest in the

23   litigation and the proposed Class is easily ascertainable from Defendants' personnel and payroll

24   records.

25       38.    **<u>Numerosity:</u>** The potential members of the Class as defined are so numerous that a

26   joinder of all Class Members is impracticable. Although the exact number is currently unknown to

27   Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

28       39.    **<u>Commonality:</u>**   There are questions of law and fact common to the class which

predominate over any questions affecting only individual members of the Class, including without limitation:

i.    Whether Defendants violated Labor Code sections 1194, 1194.2, 1197, 1197.1, and the relevant IWC Wage Order by failing to pay appropriate wages to Plaintiff and Class Members for all hours worked, including minimum wage;

ii.   Whether Defendants violated Labor Code sections 510 and 1198 and the relevant IWC Wage Order by failing to pay appropriate wages to Plaintiff and Class Members for all overtime hours worked;

iii.  Whether Defendants violated the California Labor Code and the IWC Wage Order by failing to authorize or permit compliant rest periods to Plaintiff and the Class Members and whether Defendants failed to compensate Plaintiff and the Class Members with one additional hour of premium pay for each instance when a compliant rest period was not provided;

iv.   Whether Defendants violated the California Labor Code and the IWC Wage Order by failing to provide compliant meal periods to Plaintiff and the Class Members and whether Defendants failed to compensate Plaintiff and the Class Members with one additional hour of premium pay for each instance when a compliant meal period was not provided;

v.    Whether Defendants violated Labor Code section 2802 by failing to reimburse all business expenses incurred by Plaintiff and the Class Members;

vi.   Whether Defendants violated Labor Code section 221 by unlawfully deducting amounts from the wages paid to Plaintiff and the Class Members;

vii.  Whether Defendants violated Labor Code section 226 by failing to create and maintain complete, accurate, itemized wage statements for Plaintiff and the Class Members;

viii. Whether Defendants failed to maintain complete and accurate employment records for Plaintiff and the Class Members, in violation of Labor Code section 1174;

ix.   Whether Defendants violated Business and Professions Code section 17200, *et seq.*, with regard to Plaintiff and the Class Members by acting or failing to act as alleged in this Complaint;

x.    Whether Plaintiff and the Class Members are entitled to equitable relief

10

pursuant to Business and Professions Code section 17200, *et seq.*;

xi.     Whether Plaintiff and the Class Members are entitled to costs and attorneys' fees;

xii.    Whether Plaintiff and the Class Members are entitled to interest; and

xiii.   The proper formula(s) for calculating damages, restitution, and interest owed to Plaintiff and the Class Members.

40.     **Typicality:** Plaintiff's claims, as the Class Representative, are typical of the claims of the Class Members. Plaintiff, like other Class Members, was subjected to Defendants' ongoing Labor Code and Wage Order violations.

41.     **Adequacy of Representation.** Plaintiff, as the Class Representative, will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's interests are not in conflict with those of the Class Members. Plaintiff's counsel is competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

42.     **Superiority of Class Action.** Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION
**FAILURE TO PAY WAGES DUE, INCLUDING MINIMUM WAGES**
(Lab. Code §§ 1194, 1194.2, 1197, and 1197.1; IWC Wage Order)
*Plaintiff and Class Members Against All Defendants*

43.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44.     Labor Code sections 1182.12 and 1197 set the minimum wage for all industries and

make it unlawful to pay less than the minimum wage.

45.     Section 1194 of the Labor Code provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage...applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage..., including interest thereon, reasonable attorney's fees, and costs of suit.

46.     Section 1194.2 of the Labor Code provides, in relevant part:

In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

47.     As set forth above, throughout the Class Period Plaintiff and the Class Members were not paid all wages due, including at least minimum wage for all hours worked.

48.     Defendants' conduct was willful, as Defendants knew that Plaintiff and the Class Members were entitled to be paid wages throughout the statutory period for each hour worked, including proper minimum wages, yet Defendants chose not to pay them in accordance thereto.

49.     As a result of Defendants' wrongful conduct, Plaintiff and the Class Members have been damaged in amounts to be proven at trial.

50.     Accordingly, pursuant to Labor Code section 1197.1, Plaintiff and the Class Members are entitled to recover all unpaid hourly wages due, including all minimum wages, plus liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld, as well as $100 per underpaid employee for the first violative pay period and $250 per underpaid employee for each subsequent violative pay period, regardless of whether the initial violation was intentionally committed.

51.     Pursuant to Labor Code section 1194.2, Plaintiff is also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

52.     Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Class Members.

//

//

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
(Lab. Code §§ 510 and 1198)
*Plaintiff and Class Members Against All Defendants*

53.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

54.     Labor Code section 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code section 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in one workday or more than eight (8) hours on the seventh consecutive workday in a workweek.

55.     Furthermore, pursuant to Labor Code section 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

56.     Throughout the Class Period, Defendants were required to properly pay Plaintiff and the Class Members for all overtime wages earned in accordance with California law.

57.     Throughout the Class Period, Defendants failed to pay Plaintiff and the Class Members all overtime wages owed and as a direct result of Defendants' unlawful acts Plaintiff and the Class Members have been harmed in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

58.     Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

//

//

13
**FIRST AMENDED CLASS ACTION COMPLAINT**

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLIANT REST PERIODS TO AND/OR PAY MISSED**
**REST PERIOD PREMIUMS**
(Lab. Code § 226.7; IWC Wage Order)
*Plaintiff and the Class Members Against All Defendants*

59.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

60.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

61.     Section 12 of the relevant IWC Wage Order provides: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

62.     Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants were obligated to pay Plaintiff and the Class Members one additional hour of pay at their regular rate of compensation for each workday in which one or more compliant rest period was not provided.

63.     Throughout the Class Period, due to the demands of the job, Plaintiff and the Class Members were not authorized or permitted to take ten-minute off-duty rest periods every four hours of work or major fraction thereof.  Additionally, even when they were permitted to take ten-minute timely rest periods, they were not provided with off-duty rest periods as they were required to remain on-duty and charged with various tasks during their rest periods.  Despite this failure, Defendants failed to ever pay a rest period premium wage.

64.     Accordingly, Defendants are liable to Plaintiff and the Class Members for one hour of additional wages at those employees' regular rates of pay for each workday that one more

compliant rest period was not lawfully provided, in an amount to be proven at time of trial.

65.     Also, as a direct result of Defendants' violations of Labor Code sections 226.7 and the IWC Wage Order, Defendants are liable to Plaintiff and the Class Members for penalties, attorneys' fees, costs, and interest.

66.     On information and belief, Plaintiff and the Class Members did not voluntarily or willfully waive any rest periods. Any expressed or implied waivers obtained from Plaintiff and the Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of unlawful adhesion.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE COMPLIANT MEAL PERIODS TO AND/OR PAY MISSED MEAL PERIOD PREMIUMS
(Lab. Code §§ 226.7 and 512; IWC Wage Order)
*Plaintiff and the Class Members Against All Defendants*

67.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

68.     California Labor Code section 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

69.     Sections 11(A) and (B) of the relevant IWC Wage Order provide that:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee…An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

70.     Section 11(C) of the relevant IWC Wage Order provides that:

Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on duty meal period and counted as time worked. An on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is

agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

71.     Finally, Section 11(D) of the relevant IWC Wage Order provides that:

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

72.     Labor Code section 512 imposes essentially the same requirements as the IWC Wage Order.

73.     As alleged herein, by failing to provide Plaintiff and the Class Members with off-duty meal periods, Defendants violated California Labor Code sections 226.7 and 512, as well as the relevant IWC Wage Order.

74.     Accordingly, Defendants are liable to Plaintiff and the Class Members for one hour of additional wages at those employees' regular rates of pay for each workday that one more compliant meal period was not lawfully provided, in an amount to be proven at time of trial.

75.     Also, as a direct result of Defendants' violations, Defendants are liable to Plaintiff and the Class Members for penalties, attorneys' fees, costs, and interest.

76.     On information and belief, Plaintiff and the Class Members did not voluntarily or willfully waive any meal periods. Any expressed or implied waivers obtained from Plaintiff and the Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of unlawful adhesion.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
(Lab. Code § 2802)
*Plaintiff and the Class Members Against All Defendants*

77.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

78.     Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."  "Necessary" business expenses are defined to include all

16

"reasonable expenses." (*See* Labor Code § 2802 (c).)

79.     Plaintiff and the Class Members are entitled to reimbursement for expenses incurred during the course of their duties. The duty to reimburse even extends to the use of equipment the employee may already own and would be required to pay for anyway. *See Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal.App.4th 1137, 1144 ("The threshold question in this case is this: Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job? The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee.") After all, the purpose of Section 2802 is to "prevent employers from passing along their operating expenses onto their employees." *Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal. 4th 554, 562.

80.     Throughout the Class Period, Defendants regularly failed to reimburse the business expenses of Plaintiff and the Class Members, including expenses incurred for use of their personal telephones and vehicles in connection with completing tasks assigned by Defendants.

81.     Plaintiff and the Class Members are entitled to reimbursement of these necessary expenditures or losses, plus interest, attorneys' fees, and costs, pursuant to Labor Code section 2802.

**SIXTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES**
(Lab. Code § 221)
*Plaintiff and the Class Members Against All Defendants*

82.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

83.     Labor Code section 221 states "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Labor Code section 225 further states that violation of Section 221 is a misdemeanor. (*See also Hudgins v. Neiman Marcus Group, Inc.*, 34 Cal.App.4th 1109 (1995); *Phillips v. Gemini Moving*

*Specialists*, 63 Cal.App.4th 563 (1998); *Quillian v. Lion Oil Co.*, 96 Cal.App.3d 156 (1979).)

84.    Throughout the Class Period, Defendants repeatedly deducted from Plaintiff and the Class Members amounts in excess of those allowed by law or with the express authorization of Plaintiff and the Class Members.

85.    As a result of Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to restitution of any and all unlawfully deducted wages, as well as interest from the date said amounts were due and attorneys' fees and costs pursuant to Labor Code section 218.5.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS
(Lab. Code § 226)
*Plaintiff and the Class Members Against All Defendants*

86.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

87.    The actionable period for this cause of action is October 21, 2019 through the present, and on-going until the violations are corrected, or the class is certified.

88.    Section 226(a) of the California Labor Code provides, in relevant part:

Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all – deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and…(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

89.    As set forth above, Defendants repeatedly issued wage statements to Plaintiff which were incomplete and inaccurate, including failing to include information required under Labor Code Section 226(a).

90.    Defendants' failure to comply with section 226(a) of the Labor Code was knowing

and intentional.

91.     As a result of Defendants' issuance of incomplete or inaccurate itemized wage statements,  Plaintiff and the Class Members are each entitled to recover from Defendants an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Class Member, pursuant to Labor Code section 226(e), plus costs and reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY WAGES
(Lab. Code §§ 204 and 210)
*Plaintiff and the Class Members Against All Defendants*

92.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

93.     Labor Code section 200 provides that "'wages' include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation."

94.     Labor Code section 204 mandates that essentially all wages earned in any employment are due and payable at least twice per calendar month, whether weekly, biweekly, or semimonthly.  Wages must be paid within a fixed number of days following the close of the payroll period, with that number not exceeding 11 days.  This Section also allows employers to issue corrected wage statements to employees and to regard those wage statements as being compliant with Labor Code section 226(a), but only if such corrected wage statements are issued by the close of the next regular pay period.

95.     Labor Code section 210 creates a private right of action for an individual employee to recover civil penalties against their employer for violation of specified Sections of the Labor Code, including Section 204.  This penalty is one hundred dollars ($100) for an initial violation and two hundred dollars ($200) plus 25 percent of the amount unlawfully withheld for each subsequent violation or any willful or intentional violation.

96.     As discussed in detail above, Defendants failed to ever pay Plaintiff and the Class Members all wages due.  As a result, Defendants have failed to pay wages in a timely manner, as

1  required by Labor Code section 204 and Defendants owe Plaintiff and the Class Members

2  penalties, attorneys' fees, and costs, in accordance with Labor Code section 210.

3  **NINTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
4  (Bus. & Prof. Code § 17200, *et seq.*)
*Plaintiff and the Class Members Against All Defendants*
5

6  97.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth

7  in the preceding paragraphs.

8  98.     Business and Professions Code section 17200, *et seq.*, ("UCL") prohibits any

9  unlawful, unfair, or fraudulent business practices.  Business and Professions Code section 17204

10  allows "any person who has suffered injury in fact and has lost money or property" to prosecute a

11  civil action for violation of the UCL.  Such a person may bring such an action on behalf of themself

12  and others similarly situated who are affected by the unlawful, unfair, or fraudulent business

13  practice.

14  99.     Under section 17208 of the California Business and Professions Code, the statute of

15  limitations for a claim under Section 17200 is four years.  Accordingly, the actionable period for

16  this cause of action is October 21, 2016 through the present.

17  100.    Labor Code section 90.5(a) states that it is the public policy of California to

18  vigorously enforce minimum labor standards in order to ensure employees are not required to work

19  under substandard and unlawful conditions, and to protect employers who comply with the law

20  from those who attempt to gain competitive advantage at the expense of their workers by failing to

21  comply with minimum labor standards.

22  101.    Throughout the Class Period, Defendants did not pay Plaintiff and the Class

23  Members all wages due, did not reimburse all business expenses, and unlawfully deducted wages.

24  102.    As a direct and proximate result of Defendants' unlawful business practices, as

25  described above, Plaintiff and the Class Members suffered economic injuries and Defendants

26  profited from their unlawful, unfair, and/or fraudulent acts and practices.

27  103.    Plaintiff and the Class Members are entitled to monetary relief pursuant to Business

28  and Professions Code sections 17203 and 17208 for all unpaid wages due and interest thereon.

1  Defendants should be required to disgorge all the profits and gains they have reaped and restore

2  such profits and gains to those from whom they were unlawfully taken.

3      104.    Defendants' violations and its scheme to lower its payroll costs as alleged herein,

4  constitute unlawful and unfair business practices because they were committed in a systematic

5  manner over a period of time to the detriment of Plaintiff and the Class Members.

6      105.    Through the actions alleged above, Defendants engaged in substantially injurious

7  unfair competition within the meaning of UCL because Defendants' conduct wrongfully denied

8  Plaintiff and the Class Members their wages due.

9      106.    Plaintiff and the Class Members success in this action will enforce important rights

10 affecting the public interest by bringing to light Defendants' violations of the rights of its

11 employees and by exposing evidence of Defendants' unlawful practices, to the benefit of

12 Defendants' other employees and future litigants pursuing claims against Defendants. Plaintiff and

13 the Class Members will incur a financial burden in pursuing this action in the public interest.

14 Therefore, awards of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil

15 Procedure §1021.5 and Labor Code Section 1194.

16     107.    Moreover, because this action seeks recovery of unpaid wages, the Court should

17 award reasonable attorneys' fees and costs, pursuant to Labor Code section 218.5.

18     108.    Plaintiff and the Class Members are further entitled to and do seek a declaration that

19 the above described business practices were unlawful, unfair, and/or fraudulent, and seek an

20 injunction restraining Defendants from engaging in any of the above-described unlawful, unfair,

21 and/or fraudulent business practices in the future.

### TENTH CAUSE OF ACTION
**PLAINTIFF AND ALL AGGRIEVED EMPLOYEES FOR CIVIL PENALTIES
PURSUANT TO LABOR CODE § 2699, *ET SEQ.* FOR VIOLATIONS OF
LABOR CODE §§ 204, 210, 221, 226, 226.2, 226.3, 226.7, 510, 512, 1194, 1194.2, 1197, 2802,
AND THE IWC WAGE ORDER**
*On Behalf of Plaintiff, the State of California, and the Aggrieved Employees Against All Defendants*

26     109.    Plaintiff, on behalf of himself and all Aggrieved Employees, re-alleges and

27 incorporates by reference all previous paragraphs.

28     110.    Based on the above allegations incorporated by reference, Defendants have violated

Labor Code §§ 204, 210, 221, 226, 226.2, 226.3, 226.7, 510, 512, 1194, 1194.2, 1197, and the IWC Wage Order.

111.    As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, *et seq*.

112.    Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These penalties may be stacked separately for each of Defendants violations of the California Labor Code. *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist. LEXIS 86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not seek stacked PAGA penalties, that "PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for violations of Labor Code §§ 226(a) and 226(e)).

113.    In addition, to the extent permitted by law, Defendants failed to provide Plaintiff and all aggrieved employees with accurate itemized wage statements in compliance with Labor Code § 226(a). Plaintiff seeks separate PAGA penalties for Defendant's violations of Labor Code §§ 226(a) and 226(e).

114.    For violations of Labor Code § 226(a), Plaintiff seeks the default penalty provided by Labor Code § 226.3. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty

22

dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiff and the Aggrieved Employees are entitled to recover penalties for violations of Labor Code § 226.3 and seeks default PAGA penalties for each of Defendants' numerous violations of Labor Code § 226(e).

115.    Further, Plaintiff, as an Aggrieved Employee, need not demonstrate or prove that Defendants' conduct in refusing to provide accurate and itemized wage statements was knowing, intentional, or willful.

116.    Labor Code § 210 provides that "in addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above, Plaintiff and the other Aggrieved Employees are entitled to recover penalties under Labor Code § 210 through PAGA.

117.    Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. and will have fully exhausted their administrative remedies under PAGA prior to proceeding with the PAGA claim. On or about October 14, 2020, Plaintiff filed his PAGA Notice online with the Labor Workforce Development Agency ("LWDA") and sent a letter by certified mail to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq*. As required by PAGA, Plaintiff submitted the $75.00 filing fee with the LWDA by regular mail.   Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was and/or will have been received by Plaintiff from the LWDA evidencing its intention to investigate within sixty-five (65) calendar days of the postmark date of the PAGA notice. Plaintiff is therefore entitled to commence and proceed with a civil action pursuant to Labor Code § 2699.

## VII.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

1.      For an order certifying this action as a class action;

2.      For compensatory damages in the amount of the unpaid wages owed to Plaintiff and the Class Members, including minimum wages and overtime wages, as may be proven;

3.      For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon, as may be proven;

4.      For compensatory damages in the amount of the regular rate of compensation made by Plaintiff and the Class Members for each day of noncompliant rest periods for which premium pay was not properly paid, as may be proven;

5.      For compensatory damages in the amount of the regular rate of compensation made by Plaintiff and the Class Members for each day of noncompliant meal periods for which premium pay was not properly paid, as may be proven;

6.      For all unreimbursed business expenses, and interest thereon, that they are owed, pursuant to Labor Code section 2802, and attorneys' fees and costs, pursuant to Labor Code section 2802(c);

7.      For compensatory damages in the amount of unlawfully deducted wages, as may be proven;

8.      For actual damages and/or penalties pursuant to Labor Code sections 204, 210, and 1197.1 for Plaintiff and the Class Members, as may be proven;

9.      For actual damages and/or penalties pursuant to Labor Code section 226(e) for Plaintiff and the Class Members, as may be proven;

10.     For restitution of unpaid wages, pursuant to Business & Professions Code section 17200, *et seq*., including disgorgement of profits, as may be proven;

11.     For an order enjoining Defendants and its agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties described in this complaint;

12.     For an award of pre-judgment and post-judgment interest;

**FIRST AMENDED CLASS ACTION COMPLAINT**

13.     For an award of all other civil and statutory penalties;

14.     For an award providing for the payment of the costs of this suit;

15.     For an award of attorneys' fees, to the extent provided by law; and

16.     For such other and further relief as the Court may deem proper and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of all claims by jury, to the extent authorized by law.

Dated: January 14, 2021                    **MELMED LAW GROUP, P.C.**

By: _Jonathan Melmed_____
      Jonathan Melmed, Esq.
      *Attorneys for Plaintiff and the Putative Class*